**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NINTENDO OF AMERICA INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 26-cv-10679 |

## COMPLAINT

Plaintiff Nintendo of America Inc. ("Plaintiff" or "NOA") hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, the Copyright Act 17 U.S.C. § 501, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to

[1] The e-commerce store URLs are listed on Schedule A hereto under the Online Marketplaces.

Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars from U.S. consumers, and, on information and belief, have sold products using infringing and counterfeit versions of the federally registered trademarks and/or copyrighted works owned by Plaintiff (collectively, the "Unauthorized Products") to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## II. INTRODUCTION

3. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's reputation and goodwill by offering for sale and/or selling Unauthorized Products. Defendants create e-commerce stores operating under one or more Seller Aliases that are advertising, offering for sale, and selling Unauthorized Products to unknowing consumers. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Seller Aliases to conceal both their identities and the full scope and interworking of their infringement operation. Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered trademarks and copyrighted works, as well as to protect unknowing consumers from purchasing Unauthorized Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

**Plaintiff**

4. Plaintiff is a Washington corporation with its principal place of business in Redmond, Washington and is a wholly owned subsidiary of Nintendo Co., Ltd., a Japanese company headquartered in Kyoto, Japan. NOA is responsible for the marketing and sale of Nintendo-branded products, and the enforcement of associated intellectual property rights, in the United States. Nintendo Co., Ltd. develops, and NOA, markets and distributes in the United States, electronic video game consoles, games, and accessories. Nintendo of America Inc. and Nintendo Co., Ltd. are collectively referred to as "Nintendo."

5. Nintendo is a company and brand known for its video games, video game consoles, video game accessories, and franchise characters, such as Super Mario characters. For many years, Nintendo has been a leading developer and producer of video games, video game consoles, and video game accessories.

6. Nintendo launched the Nintendo Entertainment System ("NES") in the United States in 1985, which revitalized the video game industry. In 1989, Nintendo launched its first portable handheld game system, the Game Boy. Nintendo has been a leading developer and producer of video games and video game consoles by producing and releasing new and exciting video game systems. Nintendo has received widespread recognition for its systems and video game accessories, including, but not limited, to the Super Nintendo Entertainment System ("SNES"), Nintendo 64, Nintendo GameCube, Nintendo DS, Wii, Nintendo Switch, and Nintendo Switch 2 systems.

7. Nintendo has also produced, published, and distributed numerous video games. These video games consist of or include large amounts of creative audiovisual material, stories,

characters, and other matter that are wholly original to Nintendo. Nintendo has made, and continues to make, substantial investments in the design, development, testing, manufacturing, marketing and distribution of video games.

8. Nintendo has created many iconic games, including Super Mario Bros., Splatoon, The Legend of Zelda, and Donkey Kong (collectively, the "Nintendo Video Games").

9. In addition to its systems and popular video games, a variety of products are available from Nintendo, including clothing, accessories, home décor, bags, and artwork (collectively, the "Nintendo Products").

10. Plaintiff is the owner of the trademark rights in the NINTENDO trademark and other trademarks (collectively, the "NINTENDO Trademarks") in the United States. The NINTENDO Trademarks are registered with the United States Patent and Trademark Office. A non-exclusive list of the NINTENDO Trademarks is included below.

| **REGISTRATION NUMBER** | **TRADEMARK** |
|---|---|
| 7,123,503<br>1,247,024<br>1,628,966<br>1,497,674<br>1,213,822<br>4,738,917 | NINTENDO |
| 1,689,015 | Nintendo |
| 5,477,313 | NINTENDO SWITCH |
| 4,126,556 | GAME BOY |
| 5,298,339 | JOY-CON |

| | |
|---|---|
| 5,511,496<br>5,443,363 | NINTENDO<br>SWITCH |
| 5,352,230<br>5,612,467 | |
| 5,609,612 | |
| 5,443,367 | |
| 5,609,613 | |
| 5,338,334 | |

| | |
|---|---|
| 7,967,236 |  |
| 5,604,523 |  |

11. A non-exclusive list of the NINTENDO Trademarks associated with Nintendo Video Games is included below.

| REGISTRATION NUMBER | TRADEMARK |
|---|---|
| 6,681,742 | SUPER MARIO BROS. |
| 5,027,182<br>6,082,304<br>5,059,671<br>6,805,704<br>6,998,579<br>5,312,176 | SUPER MARIO |
| 2,951,313 | MARIO BROS. |
| 6,109,886<br>7,756,871 | MARIOKART |
| 6,945,315 | MARIO & LUIGI |
| 7,369,747 | BOWSER |
| 6,669,031 | PRINCESS PEACH |
| 7,089,029 | YOSHI |
| 7,070,501 | |

| | |
|---|---|
| 7,691,609 | |
| 7,070,832 |  |
| 3,478,869<br>3,535,929<br>3,434,335<br>3,456,462 |  |
| 7,700,060 | |
| 7,296,330 |  |

| | |
|---|---|
| 7,296,331 |  |
| 7,296,329 |  |
| 7,592,776 |  |
| 6,966,188 |  |
| 7,756,909 |  |

| | |
|---|---|
| 7,334,132 |  |
| 7,220,718 |  |
| 7,583,228 |  |
| 7,764,582 |  |

12. The above U.S. registrations for the NINTENDO Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the NINTENDO Trademarks constitute *prima facie* evidence of their validity and of the exclusive right to use the NINTENDO Trademarks pursuant to 15 U.S.C. § 1057(b). Incontestable status under 15 U.S.C. § 1065 provides that the registrations for the NINTENDO Trademarks are

conclusive evidence of the validity of the NINTENDO Trademarks and of the registrations of the NINTENDO Trademarks, of ownership of the NINTENDO Trademarks, and of the exclusive right to use the NINTENDO Trademarks in commerce. 15 U.S.C. §§ 1115(b), 1065. True and correct copies of the United States Registration Certificates for the above-listed NINTENDO Trademarks are attached hereto as **Exhibit 1**.

13. NINTENDO Trademarks applied to Nintendo Products signify to the purchaser that the products come from, or are licensed by, Nintendo and are manufactured to Nintendo's quality standards.

14. The innovative marketing and product designs of the Nintendo Products have enabled Nintendo to achieve widespread recognition and reputation. The widespread recognition, outstanding reputation, and significant goodwill associated with Nintendo have made the NINTENDO Trademarks valuable assets of Plaintiff.

15. Plaintiff has expended substantial time, money, and other resources in advertising and promoting Nintendo Products bearing the NINTENDO Trademarks. Nintendo Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs. As a result, products bearing the NINTENDO Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Plaintiff. Nintendo Products have become among the most popular of their kind in the U.S. and the world. The NINTENDO Trademarks have achieved tremendous recognition which has only added to the distinctiveness of the marks. As such, the goodwill associated with the NINTENDO Trademarks is of incalculable and inestimable value to Plaintiff.

16. Plaintiff has also registered many of the characters associated with the Nintendo Video Games (the "Nintendo Copyrighted Works") with the United States Copyright Office,

including "Mario" (U.S. Copyright Registration No. VA0001419266), issued by the Register of Copyrights on May 10, 2007, "Luigi" (U.S. Copyright Registration No. VA0001419270), issued by the Register of Copyrights on May 10, 2007, "Princess Peach" (U.S. Copyright Registration No. VA0001419272), issued by the Register of Copyrights on May 10, 2007, "Bowser" (U.S. Copyright Registration No. VA0001419267), issued by the Register of Copyrights on May 10, 2007, "Yoshi" (U.S. Copyright Registration No. VA0001419269), issued by the Register of Copyrights on May 10, 2007, "Toad" (U.S. Copyright Registration No. VA0001866753), issued by the Register of Copyrights on July 12, 2013, and "Super Mushroom" (U.S. Copyright Registration No. VA0001866751) issued by the Register of Copyright on July 12, 2013. A true and correct copy of the U.S. federal copyright registration certificates for the above-referenced Nintendo Copyrighted Works is attached hereto as **Exhibit 2**.

| | | | |
|---|---|---|---|
| **Mario**<br>Reg. VA0001419266<br>Issued May 10, 2007 |  | **Yoshi**<br>Reg.VA0001419269<br>Issued May 10, 2007 |  |
| **Luigi**<br>Reg. VA0001419270<br>Issued May 10, 2007 |  | **Toad**<br>Reg. VA0001866753<br>Issued July 12, 2013 |  |
| **Bowser**<br>Reg. VA0001419267<br>Issued May 10, 2007 |  | **Super Mushroom**<br>Reg. VA0001866751<br>Issued July 12, 2013 |  |

| | | | |
|---|---|---|---|
| **Princess Peach**<br>Reg. VA0001419272<br>Issued May 10, 2007 |  | | |

17. Among the exclusive rights granted to Plaintiff under the U.S. Copyright Act are the exclusive rights to reproduce, prepare derivative works of, distribute copies of, and display the Nintendo Copyrighted Works to the public.

18. Since their first publication, the Nintendo Copyrighted Works have been used on Nintendo Products.

19. Nintendo Products are distributed and sold to consumers in the United States directly through Plaintiff's website at www.nintendo.com, as well as through authorized retail channels throughout the United States, including through authorized retailers in Illinois.

**The Defendants**

20. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

21. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually

impossible for Plaintiff to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

**IV. DEFENDANTS' UNLAWFUL CONDUCT**

22. In order to protect against the counterfeiting of NINTENDO Trademarks and copying of Nintendo Copyrighted Works, Nintendo has established a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Plaintiff has identified many fully interactive, e-commerce stores offering Counterfeit Products on online marketplace platforms, including the e-commerce stores operating under the Seller Aliases. The Seller Aliases target consumers in this Judicial District and throughout the United States. According to a U.S. Customs and Border Protection (CBP) Report, in 2021, CBP made over 27,000 seizures of goods with intellectual property rights (IPR) violations totaling over $3.3 billion, an increase of $2.0 billion from 2020.[2] Of the 27,000 in total IPR seizures, over 24,000 came through international mail and express courier services (as opposed to containers), most of which originated from China and Hong Kong.[3]

23. Counterfeiters "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms" because they are not adequately subjected to verification and confirmation of their identities.[4] Counterfeiters hedge against the risk of being

[2] *See Intellectual Property Rights Seizure Statistics, Fiscal Year 2021*, U.S. Customs and Border Protection.
[3] *Id.*
[4] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.

caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual storefronts.[5] Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, infringers can have many different profiles that can appear unrelated even though they are commonly owned and operated.[6] Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters."[7]

24. Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars from U.S. consumers, and, on information and belief, have sold Unauthorized Products to residents of Illinois. Screenshots evidencing Defendant's infringing activities are attached as **Exhibit 3**.

25. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores (including product detail pages) operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Additionally, for example, many e-commerce sellers like Defendants use artwork from www.nintendo.com or that are associated with various Nintendo Products or games to advertise Unauthorized Products. E-commerce stores operating under the Seller Aliases look sophisticated and accept payment in U.S. dollars from U.S. consumers. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized

[5] *Id.* at 22.
[6] *Id.* at 39.
[7] Chow, *supra* note 3, at 186-87.

Defendants to use any of the NINTENDO Trademarks and/or Nintendo Copyrighted Works and none of the Defendants are authorized retailers of Nintendo Products.

26. Many Defendants also deceive unknowing consumers by using the NINTENDO Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Nintendo Products. Other e-commerce stores operating under the Seller Aliases omit using the NINTENDO Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Nintendo Products.

27. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

28. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

29. Defendants are collectively causing harm to Nintendo's goodwill and reputation because the effect of their unlawful actions taken together amplifies each harm and creates a single negative consumer impression. Defendants' activities, occurring at the same time and in the same retail space and manner as one another, blend together to create a single negative impression on consumers such that they constitute the same occurrence or series of occurrences. The

combination of all Defendants engaging in the same illegal activity in the same time span causes a collective harm to Plaintiff in a way that individual actions, occurring alone, might not.

30. E-commerce store operators like Defendants are in constant communication with each other on chat rooms and through websites regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

31. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement. E-commerce store operators like Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff. Indeed, analysis of financial account transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based financial accounts to off-shore accounts outside the jurisdiction of this Court.

32. Upon information and belief, Defendants are working to knowingly and willfully, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the NINTENDO Trademarks and/or Nintendo Copyrighted Works in connection with the advertisement, distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet.

33. Defendants' unauthorized use of the NINTENDO Trademarks and or the Nintendo Copyrighted Works in connection with the advertising, distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States,

including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

34. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered NINTENDO Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The NINTENDO Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Nintendo Products offered, sold, or marketed under the NINTENDO Trademarks.

36. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the NINTENDO Trademarks without Plaintiff's permission.

37. Plaintiff is the owner of the NINTENDO Trademarks. The United States Registrations for the NINTENDO Trademarks (**Exhibit 1**) are in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the NINTENDO Trademarks and are willfully infringing and intentionally using counterfeit versions of the NINTENDO Trademarks. Defendants' willful, intentional, and unauthorized use of the NINTENDO Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Unauthorized Products among the general public.

38. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the NINTENDO Trademarks.

40. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Unauthorized Products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

41. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

42. Defendants' promotion, marketing, offering for sale, and sale of Unauthorized Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Unauthorized Products by Plaintiff.

43. By using the NINTENDO Trademarks in connection with the Unauthorized Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Unauthorized Products.

44. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Unauthorized Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

45. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of Nintendo.

**COUNT III**
**COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATION**
**(17 U.S.C. §§ 106 AND 501)**

46. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

47. The Nintendo Copyrighted Works constitute original works and copyrightable subject matter pursuant to the Copyright Act, 17 U.S.C. §§ 101, *et seq*.

48. Plaintiff is the owner of the Nintendo Copyrighted Works. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a) for the Nintendo Copyrighted Works. The Nintendo Copyrighted Works are protected by Copyright Registration Nos. VA0001419266, VA0001419270, VA0001419272, VA0001419267, VA0001419269, VA0001866753, and VA0001866751 which were duly issued to Plaintiff by the United States Copyright Office. At all relevant times, Plaintiff has been and still is the owner of all rights, title, and interest in the Nintendo Copyrighted Works, which have never been assigned, licensed, or otherwise transferred to Defendants.

49. The Nintendo Copyrighted Works are published on the Internet and available to Defendants online. As such, Defendants had access to the Nintendo Copyrighted Works via the Internet.

50. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced, and/or made derivate works incorporating the Nintendo Copyrighted Works on e-commerce stores operating under the Seller Aliases and the corresponding Unauthorized Products. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of the Nintendo Copyrighted Works. Such

conduct infringes and continues to infringe the Nintendo Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5).

51. Defendants reap the benefits of the unauthorized copying and distribution of the Nintendo Copyrighted Works in the form of revenue and other profits that are driven by the sale of Unauthorized Products.

52. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating Unauthorized Products that capture the total concept and feel of the Nintendo Copyrighted Works.

53. On information and belief, the Defendants' infringement has been willful, intentional, purposeful, and in disregard of and with indifference to Plaintiff's rights.

54. The Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

55. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of the Nintendo Copyrighted Works.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the NINTENDO Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Nintendo Product or is not authorized by Plaintiff to be sold in connection with the NINTENDO Trademarks;

b. reproducing, distributing copies of, making derivative works of, or publicly displaying the Nintendo Copyrighted Works in any manner without the express authorization of Plaintiff;

c. passing off, inducing, or enabling others to sell or pass off any product as a genuine Nintendo Product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the NINTENDO Trademarks and/or the Nintendo Copyrighted Works;

d. committing any acts calculated to cause consumers to believe that Defendants' Unauthorized Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

e. further infringing the NINTENDO Trademarks and/or the Nintendo Copyrighted Works and damaging Plaintiff's goodwill; and

f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the NINTENDO Trademarks and/or which bear the Nintendo Copyrighted Works;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to, eBay, AliExpress, Alibaba, Amazon, Walmart, Wish.com, Etsy, Temu, TikTok, and DHgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the NINTENDO Trademarks and/or which bear the Nintendo Copyrighted Works;

3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the NINTENDO Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) for each and every use of the NINTENDO Trademarks;

5) As a direct and proximate result of Defendants' infringement of the Nintendo Copyrighted Works, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

6) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

7) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

8) Award any and all other relief that this Court deems just and proper.

Dated this 3rd day of September 2026.

Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Kahlia R. Halpern
Justin T. Joseph
Greer, Burns & Crain, Ltd.
200 W. Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
khalpern@gbc.law
jjoseph@gbc.law

*Counsel for Plaintiff Nintendo of America Inc.*